# United States District Court
for the
**Eastern District of Tennessee**

U.S.A. vs. Michael Chad Duncan                         Docket No. 2:19-CR-00167-5

### Petition for Action on Conditions of Pretrial Release

COMES NOW Katie Adams, United States Probation Officer, presenting an official report upon the conduct of defendant, Michael Chad Duncan, who was placed under bond supervision by the Honorable Cynthia Richardson Wyrick, United States Magistrate Judge, sitting in the Court at Eastern District of Tennessee on April 27, 2020, under the following conditions:

The defendant was released on a $20,000 unsecured bond.

(1) The defendant shall not commit any offense in violation of federal, state or local law while on release in this case.

(2) The defendant shall not change their address and/or telephone number without prior approval of the United States Probation Office.

(3) The defendant shall appear at all proceedings as required and shall surrender for service of any sentence imposed as directed.

(4) The defendant promises to appear at all proceedings as required and to surrender for service any sentence imposed.

(5) The defendant executes an unsecured bond binding the defendant to pay the United States the sum of $20,000.00 dollars in the event of a failure to appear as required or to surrender as directed for service of any sentence imposed.

(6) The defendant is placed in the third-party custody of Johnny Duncan who agrees to supervise the defendant in accordance with all conditions of release, to use every effort to assure the appearance of defendant at all scheduled court proceedings, and to notify the court immediately in the event the defendant violates any conditions of release or disappears.

(7a) The defendant shall maintain or actively seek employment.

7(c) The defendant shall abide by the following restrictions on his personal associations, place of abode, or travel: Travel is restricted to the Eastern District of Tennessee, without prior approval of the probation officer.

7(e) The defendant shall report on a regular basis to the following agency: To U.S. Probation Office as directed. The defendant shall cooperate fully with all pretrial

service officers or their designees, and shall refrain from verbal or physical abuse of any pretrial service officer or other official in the performance of his/her duties.

7(g)   The defendant shall refrain from possessing a firearm, destructive device, other dangerous weapon, or ammunition.

7(h)   The defendant shall refrain from all use of alcohol, and from any use or unlawful possession of a narcotic drug and other controlled substances defined in 21 U.S.C. § 802 unless prescribed by a licensed medical practitioner.

7(i)   The defendant shall undergo medical or psychiatric treatment and/or remain in an institution as follows: Participate in mental health treatment and/or counseling if deemed advisable by the supervising officer. Follow all recommendations of the mental health provider.

7(o)   The defendant must not obtain a passport or other international travel document.

7(p)   The defendant must submit to any method of testing as directed by U.S. Pretrial Services to determine if defendant is using a prohibited substance. Such methods may be used with random frequency and include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing.

7(q)   The defendant shall participate in a program of inpatient or outpatient substance abuse therapy and counseling if deemed advisable by the supervising officer.

7(t)   The defendant shall report any contact with law enforcement personnel, including but not limited to, any arrest, questioning, or traffic stop, to the Pretrial Services Officer as soon as possible.

7(u)   The defendant shall execute an authorization for any health-care provider, including mental health-care provider, to release treatment records and information to the Pretrial Services Officer.

7(v)   The defendant shall have no contact with convicted felons, co-defendants, drug dealers, drug users, or any person who violates the law, or witnesses in the case.

7(w)   The defendant must enroll and complete the Inpatient treatment program at Comprehensive Community Services.

**Respectfully presenting Petition for Action of Court and for cause as follows:**

On April 27, 2020, Michael Chad Duncan was released on pretrial supervision with the conditions noted above.

On May 28, 2020, the defendant completed Comprehensive Community Services inpatient treatment program.

On June 25, 2020, the defendant was cited by the Unicoi County Sheriff's Department for Failure to Yield/Stop.

Defendant Duncan contacted this officer on July 13, 2020, to report failing a drug screen for Buprenorphine. He admitted he received a Suboxone strip from an "old friend" named John (LNU by the defendant). Mr. Duncan stated he, John, and several other friends were hanging out on Saturday, July 11th at the river. According to the defendant, that is when John provided the defendant with the Suboxone strip.

Additionally, during the July 13th phone call, defendant Duncan informed this officer he was denied mental health and substance abuse treatment at Frontier Health. He reported he received a letter the week of July 6-10th notifying him that he was denied services. The letter provided two numbers to contact to inquire about the denial; yet as of July 13th, Mr. Duncan had not called to find out why he was denied. Moreover, Mr. Duncan did not notify this officer of the denial until July 13th, when he was asked what the status of his substance abuse and mental health treatment was. He indicated he "forgot" to tell this officer. It is worth noting the date of the denial letter is June 16th.

On July 14, 2020, I received information from Investigator Matt Salts with the Unicoi County Sheriff's Department regarding the defendant. Investigator Salts advised that on June 11, 2020, he witnessed the defendant's vehicle at known drug dealer and user, Bobby Lane's, residence. Investigator Salts provided additional information regarding the June 25, 2020, Failure to Yield/Stop incident, to include that the defendant had Donnie Lovette as an occupant in his vehicle. Likewise, Mr. Lovette is a known drug dealer and user. Both the defendant and Mr. Lovette had been drinking and had alcoholic beverages in the vehicle. During a consensual search of the defendant's vehicle, a bag was found in the backseat of the vehicle, which contained known drug user Carrie Whitson's identification, social security card, and her Tennessee Department of Correction identification card. Defendant Duncan advised officers that he and Ms. Whitson were dating, and she had been in his vehicle.

The defendant failed to call the United States Probation Office for monthly check-ins on the following months: June and July 2020.

On June 26, 2020, and July 13, 2020, the probation office contacted Assistant United States Attorney Rob Reeves regarding Mr. Duncan's noncompliant behavior. Based upon the above information, it would appear Mr. Duncan is in violation of his pretrial release conditions, numbers 1, 7(h), 7(i), 7(q), and 7(v).

## PRAYING THAT THE COURT WILL ORDER

A warrant be issued, and a hearing be scheduled for the Court to determine why the defendant's bond supervision should not be revoked.

This Petition is to be placed under seal until the defendant is served or appears in Court.

| ORDER OF COURT | I declare that under penalty of perjury that the foregoing is true and correct. |

Considered and ordered this 23rd day of July, 2020, and ordered filed and made a part of the record in the above case.

Respectfully,

*[signature]*
Honorable Cynthia Richardson Wyrick
United States Magistrate Judge

*[signature]*
Katie R. Adams
United States Probation Officer

Approved by:

*[signature]* 7/16/2020
For: Karrie L. Lasko                                    Date
Supervising United States Probation Officer

Place: Greeneville, Tennessee
Date: July 16, 2020