UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL CHAD DUNCAN,<br><br>Defendant | 2:19-CR-00167-RLJ |

## ORDER REVOKING PRETRIAL RELEASE

The United States Probation Office has filed a petition requesting that Defendant's pretrial release be revoked. [Doc. 162]. A hearing on the petition was held on August 3, 2020.

It is alleged that on April 27, 2020, Defendant was released under conditions set by the Court, and then completed the Comprehensive Community Services inpatient treatment program on May 8, 2020. On June 25, 2020, Defendant was cited by Unicoi County Sheriff's Department for failure to yield/stop. Defendant contacted his probation officer by telephone on July 13, 2020 to report a positive drug screen for Buprenorphine. Defendant admitted to taking a Suboxone strip from an old friend while he was hanging out at the river with friends on July 11, 2020. During this call Defendant also told his probation officer that he received a letter from Frontier Health Services the week before denying him mental health and substance abuse services. The letter provided two phone numbers to call for further information about the denial, but Defendant reported he had not called either number. When the probation officer inquired why Defendant had not reported this

denial sooner, Defendant stated he "forgot." The letter from Frontier Health Services was actually dated June 16, 2020.

On July 14, 2020, Defendant's probation officer received information regarding Defendant from Investigator Matt Salts with the Unicoi County Sheriff's Department. Investigator Salts reported witnessing Defendant's vehicle at the residence of known drug dealer Bobby Lane. Investigator Salts also provided additional details regarding Defendant's June 25, 2020 citation for failure to yield/stop. Investigator Salts reported that when Defendant was stopped on June 25, 2020, known drug dealer and user Donnie Lovette was a passenger in Defendant's vehicle and both had been drinking and there were alcoholic beverages in the vehicle. During a consensual search of the vehicle, the identification, social security card, and Tennessee Department of Correction identification card of known drug user Carrie Whitson were found in a bag inside the vehicle and Defendant told Investigator Salts that he and Whitson were dating and she had been in the vehicle. Finally, it is alleged that in June and July 2020, Defendant failed to call probation for his monthly check-ins.

At the hearing on the petition, Defendant's father, Johnny Duncan, testified that Defendant had been living with him and was doing well. Mr. Duncan further testified that Defendant was working and had a better attitude with significantly improved behavior. He also stated that Defendant went to see a doctor and got a prescription for Suboxone after failing a drug test for it but was unsure of the exact reason Defendant felt he needed the prescription. Mr. Duncan also said that he recalled Defendant having some trouble getting in to see a doctor to obtain the prescription. Mr. Duncan further testified that he works full-time and is not always able to supervise Defendant. Mr. Duncan stated Defendant could come back to live with him so long as he was "off the opiates."

Kathy Hensley, Defendant's mother, also testified at the hearing. Ms. Hensley stated that she is retired and is home all the time and would be available to supervise Defendant if he were released. At the same time, Ms. Hensley testified that her husband is a gun collector and there are several firearms in her home which cannot be removed even if that means Defendant would not be allowed to reside with her.

The Court finds that there is probable cause to believe that Defendant has violated his conditions of release by using Suboxone illegally without a prescription, as he has apparently tested positive for this substance and admitted to receiving it from a friend; having contact with drug dealers, as his vehicle was observed by law enforcement at the residence of one known drug dealer and law enforcement had contact with Defendant while another known drug dealer was a passenger in Defendant's vehicle; having contact with drug users and a convicted felon as law enforcement found the personal identification documents of a known drug user and convicted felon in Defendant's vehicle and Defendant apparently admitted that individual had been in his vehicle and he was in fact dating her; and by using alcohol as law enforcement reported having contact with Defendant on June 25, 2020 after Defendant had been drinking and observing alcoholic beverages in Defendant's vehicle. The Court finds that Defendant is unlikely to follow his conditions of release given his actions and that despite their best intentions, Defendant's parents cannot provide sufficient oversight to assist the Court in obtaining Defendant's future compliance. For these reasons, the Court must revoke Defendant's pretrial release and he is committed to the custody of the United States Marshal Service pending his trial before the District Judge.

SO ORDERED:

s/Cynthia Richardson Wyrick
United States Magistrate Judge