UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

UNITED STATES OF AMERICA )
) No. 2:19-CR-167
v. )
) JUDGE JORDAN
MICHAEL CHAD DUNCAN

PLEA AGREEMENT

The United States of America, by the United States Attorney for the Eastern District of Tennessee, and the defendant, MICHAEL CHAD DUNCAN, and the defendant's attorney, Dudley Senter, have agreed upon the following:

1. The defendant will plead guilty to the following count in the indictment:

    a) Count One, a conspiracy to distribute fifty grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A).

    The punishment for this offense is as follows: A minimum mandatory 10 years up to life imprisonment, a maximum fine of $10,000,000.00, a minimum of 5 years up to life on supervised release, and a $100 mandatory assessment fee.

2. The defendant is not charged in any other counts of the indictment.

3. The defendant has read the indictment, discussed the charges and possible defenses with defense counsel, and understands the crime(s) charged. Specifically, the elements of the offense(s) are as follows: 21 U.S.C. § 846: a) two or more persons agreed or conspired to distribute methamphetamine in violation of 21 U.S.C. §841(a)(1); b) defendants knowingly and voluntarily joined in the conspiracy; c) defendant participated in the conspiracy; and d) the conspiracy involved more than 50 grams of methamphetamine.

1



4. In support of the defendant's guilty plea, the defendant agrees and stipulates to the following facts, which satisfy the offense elements. These are the facts submitted for purposes of the defendant's guilty plea. They do not necessarily constitute all of the facts in the case. Other facts may be relevant to sentencing. Both the defendant and the United States retain the right to present additional facts to the Court to ensure a fair and appropriate sentence in this case.

    a) On July 16, 2019, ATF/TFO Rogers conducted a custodial interview of Michal Chad DUNCAN at the Erwin, TN Police department. Erwin Police Detective Tony Buchanan was present. ATF/TFO Rogers advised DUNCAN of his *Miranda* warning at the beginning of the interview.

    b) DUNCAN told investigators during the interview that he had participated in the receipt and sale of methamphetamine for the past year. DUNCAN said that he had purchased methamphetamine from Josh LOVE, Josh HAMPTON, and Jerry EFFLER since January 2019. DUNCAN said that he had purchased methamphetamine for about a year from Josh HAMPTON. Duncan said that he would buy twice per week, and sometimes every day from HAMPTON. DUNCAN said that he would purchase small quantities.

    c) DUNCAN said that he had purchased methamphetamine from Jerry EFFLER regularly, more times than he could count. DUNCAN said that he has purchased methamphetamine from EFFLER, at EFFLER'S residence, with Josh LOVE present and carrying an AR-15 rifle by single point sling around his neck. DUNCAN stated that he has observed as much as one ounce in EFFLER'S possession. DUNCAN stated that he had purchased methamphetamine from EFFLER as recent as July 1, 2019 at Effler's residence. DUNCAN admitted that he had sold methamphetamine in small quantities to several individuals.

d) On July 22, 2019, ATF/TFO Rogers conducted a custodial interview of Josh HAMPTON at the Unicoi County Sheriff's Office. Erwin Police Detective Tony Buchanan was present. HAMPTON stated that he, Chad DUNCAN and Josh LOVE went to Georgia to get methamphetamine. HAMPTON stated that LOVE said that he got a pound. HAMPTON said that it actually turned out to be eleven or twelve ounces. HAMPTON stated that the drug was sealed in a vacuum bag. HAMPTON said that he had sold methamphetamine to Rene BOND, Jason WOODY, Chad DUNCAN, Robbie ENGLISH and others.

e) ATF/TFO Rogers interviewed LOVE on June 7, 2019 at the Erwin Police Department. Love said that he had sold pounds of methamphetamine in and around the Erwin area. LOVE said that he had moved up to Tennessee to sell methamphetamine. LOVE stated that the market was good for it here, that he could get top price for meth. LOVE stated that he sold a minimum of ¼ pound per week (113 grams) starting in December 2018 until March 2019. LOVE said on one occasion he sold one and ½ pounds (678 grams) within a one-week period.

f) For the purposes of this plea agreement, the defendant admits and the parties agree that the defendant is responsible for distributing at least 50 grams but less than 150 grams of actual methamphetamine .

5. The defendant is pleading guilty because the defendant is in fact guilty. The defendant understands that, by pleading guilty, the defendant is giving up several rights, including:

    a) the right to plead not guilty;

    b) the right to a speedy and public trial by jury;

    c) the right to assistance of counsel at trial;

d) the right to be presumed innocent and to have the burden of proof placed on the United States to prove the defendant guilty beyond a reasonable doubt;

e) the right to confront and cross-examine witnesses against the defendant;

f) the right to testify on one's own behalf, to present evidence in opposition to the charges, and to compel the attendance of witnesses; and

g) the right not to testify and to have that choice not used against the defendant.

6. The parties agree that the appropriate disposition of this case would be the following as to each count:

    a) The Court may impose any lawful term(s) of imprisonment, any lawful fine(s), and any lawful term(s) of supervised release up to the statutory maximum(s);

    b) The Court will impose special assessment fees as required by law; and

    c) The Court may order forfeiture as applicable and restitution as appropriate.

No promises have been made by any representative of the United States to the defendant as to what the sentence will be in this case. Any estimates or predictions made to the defendant by defense counsel or any other person regarding any potential sentence in this case are not binding on the Court, and may not be used as a basis to rescind this plea agreement or withdraw the defendant's guilty plea(s). The defendant understands that the sentence in this case will be determined by the Court after it receives the presentence investigation report from the United States Probation Office and any information presented by the parties. The defendant acknowledges that the sentencing determination will be based upon the entire scope of the defendant's criminal conduct, the defendant's criminal history, and pursuant to other factors and guidelines as set forth in the Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553.

4

Case 2:19-cr-00167-RLJ-CRW    Document 176    Filed 08/13/20    Page 4 of 9    PageID #: 844

7. Given the defendant's agreement to plead guilty, the United States will not oppose a two-level reduction for acceptance of responsibility under the provisions of Section 3E1.1(a) of the Sentencing Guidelines. Further, if the defendant's offense level is 16 or greater, and the defendant is awarded the two-level reduction pursuant to Section 3E1.1(a), the United States agrees to move, at or before the time of sentencing, the Court to decrease the offense level by one additional level pursuant to Section 3E1.1(b) of the Sentencing Guidelines. Should the defendant engage in any conduct or make any statements that are inconsistent with accepting responsibility for the defendant's offense(s), including violations of conditions of release or the commission of any additional offense(s) prior to sentencing, the United States will be free to decline to make such motion, to withdraw that motion if already made, and to recommend to the Court that the defendant not receive any reduction for acceptance of responsibility under Section 3E1.1 of the Sentencing Guidelines.

8. The defendant agrees to pay the special assessment in this case prior to sentencing.

9. Financial Obligations. The defendant agrees to pay all fines and restitution imposed by the Court to the Clerk of Court. The defendant also agrees that the full fine and/or restitution amount(s) shall be considered due and payable immediately. If the defendant cannot pay the full amount immediately and is placed in custody or under the supervision of the Probation Office at any time, the defendant agrees that the Bureau of Prisons and the Probation Office will have the authority to establish payment schedules to ensure payment of the fine and/or restitution. The defendant further agrees to cooperate fully in efforts to collect any financial obligation imposed by the Court by set-off of federal payments, execution on non-exempt property, and any other means the United States deems appropriate. The defendant and counsel also agree that the defendant may be contacted post-judgment regarding the collection of any financial obligation imposed by the

Court without notifying the defendant's counsel and outside the presence of the defendant's counsel. In order to facilitate the collection of financial obligations to be imposed with this prosecution, the defendant agrees to disclose fully all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party. In furtherance of this agreement, the defendant additionally agrees to the following specific terms and conditions:

a) If so requested by the United States, the defendant will promptly submit a completed financial statement to the U.S. Attorney's Office, in a form it provides and as it directs. The defendant promises that such financial statement and disclosures will be complete, accurate, and truthful.

b) The defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

c) If so requested by the United States, the defendant will promptly execute authorizations on forms provided by the U.S. Attorney's Office to permit the U.S. Attorney's Office to obtain financial and tax records of the defendant.

10. The defendant acknowledges that the principal benefits to the United States of a plea agreement include the conservation of limited government resources and bringing a certain end to the case. Accordingly, in consideration of the concessions made by the United States in this agreement and as a further demonstration of the defendant's acceptance of responsibility for the offense(s) committed, the defendant voluntarily, knowingly, and intentionally agrees to the following:

a) The defendant will not file a direct appeal of the defendant's conviction(s) or sentence with one exception: The defendant retains the right to appeal a sentence imposed above the sentencing guideline range determined by the Court or above any mandatory minimum sentence deemed applicable by the Court, whichever is greater. The defendant also waives the right to appeal the Court's determination as to whether the defendant's sentence will be consecutive or partially concurrent to any other sentence.

b) The defendant will not file any motions or pleadings pursuant to 28 U.S.C. § 2255 or otherwise collaterally attack the defendant's conviction(s) or sentence, with two exceptions: The defendant retains the right to file a § 2255 motion as to (i) prosecutorial misconduct and (ii) ineffective assistance of counsel.

c) The defendant will not, whether directly or by a representative, request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. Section 552, or the Privacy Act of 1974, 5 U.S.C. Section 552a.

11. This plea agreement becomes effective once it is signed by the parties and is not contingent on the defendant's entry of a guilty plea. If the United States violates the terms of this plea agreement, the defendant will have the right to withdraw from this agreement. If the defendant violates the terms of this plea agreement in any way (including but not limited to failing to enter guilty plea(s) as agreed herein, moving to withdraw guilty plea(s) after entry, or by violating any court order or any local, state or federal law pending the resolution of this case), then the United States will have the right to void any or all parts of the agreement and may also enforce whatever parts of the agreement it chooses. In addition, the United States may prosecute the defendant for any and all federal crimes that the defendant committed related to this case, including any charges that were dismissed and any other charges which the United States agreed not to pursue. The defendant expressly waives any statute of limitations defense and any constitutional or speedy trial or double jeopardy defense to such a prosecution. The defendant also understands that a violation of this plea agreement by the defendant does not entitle the defendant to withdraw the defendant's guilty plea(s) in this case.

12. The United States will file a supplement in this case, as required in every case by the Local Rules of the United States District Court for the Eastern District of Tennessee, even though there may or may not be any additional terms. If additional terms are included in the supplement, they are hereby fully incorporated herein.

8

Case 2:19-cr-00167-RLJ-CRW   Document 176   Filed 08/13/20   Page 8 of 9   PageID #: 848

13. This plea agreement and supplement constitute the full and complete agreement and understanding between the parties concerning the defendant's guilty plea to the above-referenced charge(s), and there are no other agreements, promises, undertakings, or understandings between the defendant and the United States. The parties understand and agree that the terms of this plea agreement can be modified only in writing signed by all of the parties and that any and all other promises, representations, and statements whether made before, contemporaneous with, or after this agreement, are null and void.

DOUGLAS OVERBEY
UNITED STATES ATTORNEY

8/13/20
Date

By: ROBERT M. REEVES B. TODD MARTin
Assistant United States Attorney

08/07/2020
Date

MICHAEL CHAD DUNCAN
Defendant

08/07/2020
Date

DUDLEY SENTER
Attorney for the Defendant

9