# UNITED STATES PROBATION OFFICE

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE

### PETITION FOR WARRANT FOR OFFENDER UNDER SUPERVISION

**Name of Offender:** Michael Chad Duncan **Docket Number:** 2:19CR00167-005

**Name of Sentencing Judicial Officer:** The Honorable R. Leon Jordan
United States District Judge

**Name of Presiding Judicial Officer:** The Honorable Clifton L. Corker
United States District Judge

**Date of Original Sentence:** July 1, 2021

**Original Offense:** Conspiracy to Distribute 5 Grams or More of Methamphetamine

**Class:** A Felony **Criminal History Category:** II

**Original Sentence:** 63 months imprisonment and 60 months supervised release

**Type of Supervision:** Supervised Release

**Date Supervision Commenced:** December 22, 2023

**Date Supervision Expires:** December 21, 2028

**Assistant U.S. Attorney:** Todd Martin

**Defense Attorney:** To be determined

**Revocation Guideline Range:** 4-10 months **Statutory Maximum:** 60 months
Grade C Violations

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### PETITIONING THE COURT

The probation officer believes that the offender has violated the following conditions of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Mandatory Condition:** You must not commit another federal, state, or local crime. |
| 2 | **Mandatory Condition:** You must not unlawfully possess a controlled substance. |

**3**        **Mandatory Condition:** You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

**4**        **Special Condition:** You shall participate in a program of testing and/or treatment for drug and/or alcohol abuse, as directed by the probation officer, until such time as you are released from the program by the probation officer.

On June 16, 2024, Mr. Duncan was charged with Driving on a Suspended License and Speeding in Washington County, Tennessee. A report written by Johnson City Police Officer J. Wheeler stated the following:

> *"On 06/16/2024 at 20:08 hours, Officer Wheeler, J (876) responded to a Driving on cancelled/Sus./Revoked Lic. At I-26//MM20. While observing traffic on Interstate 26 west bound I observed the listed vehicle traveling at a high rate of speed. Using a lidar I confirmed that the vehicle was traveling at a rate of 85 MPH in a 60 MPH zone. I conducted a traffic stop and made contact with the driver who was identified as suspect Michael Duncan. A review of Duncan's NCIC record revealed that his license was suspended out of Unicoi County in September of 2020 for failure to appear in court, Duncan was cleared of all outstanding warrants through PIN Center and issued a misdemeanor citation in lieu of continued custody where he is charged with speeding and driving on suspended first. This occurred in Johnson City, Washington County, TN."*

A Report on Offender Under Supervision was submitted to Your Honor asking for no changes to Mr. Duncan's supervised release while the probation officer monitored his compliance with the tickets and getting his driver's license reinstated.

On August 15, 2024, Mr. Duncan reported for a random drug screen as directed by the Code-A-Phone (CAP) referral system. Mr. Duncan tested presumptively positive for methamphetamine. He denied any illicit drug use at the vendor, and his urine specimen was sent to the lab for confirmation. The probation officer spoke with Mr. Duncan over the phone, and he denied using methamphetamine. Mr. Duncan stated he recently purchased and used gas station Adderall and believes that is why he tested positive. This probation officer had a conversation with Mr. Duncan regarding the importance of being honest with supervision and that lying to probation is lying to the Court.

On August 16, 2024, Mr. Duncan sent officer Josh Nease a text message admitting to using methamphetamine. Mr. Duncan apologized for lying to the probation officer the prior day and requested a call back. Officer Nease called Mr. Duncan to discuss his substance abuse. Mr. Duncan admitted to using methamphetamine and stated he found it in a dresser drawer while cleaning out a shed on his property.

PROB12C(REVOKE) – 12/2006

Additionally, Mr. Duncan admitted to hearing voices in his head prior to using any illicit substances. Mr. Duncan then stated he used methamphetamine recently and in the past to self-medicate his mental health condition. Officer Nease provided Mr. Duncan with contact information to Frontier Health and instructed him to call and schedule an assessment immediately. Mr. Duncan agreed to contact Frontier Health to address his mental health needs.

On August 24, 2024, the probation officer received the lab report regarding Mr. Duncan's drug screen submitted on August 15, 2024. The lab confirmed Mr. Duncan's drug screen to be positive for methamphetamine.

On September 30, 2024, Mr. Duncan failed to report for a random drug screen as directed by the CAP referral system. Mr. Duncan's drug screen was waived on this date due to the recent flooding from Hurricane Helene.

On October 21, 2024, Mr. Duncan failed to report for a random drug screen as directed by the CAP referral system. Mr. Duncan sent officer Nease a text message at 4:55 pm stating he was at the drug screen vendor, but the door was locked. He said he called the vendor and verified they closed at 5:00 pm before reporting. Mr. Duncan was informed by a worker there that the office is open until 5:00 pm but they stop taking drug screens at 4:30 pm.

Officer Nease called Mr. Duncan on October 23, 2024, and instructed him to report to the United States Probation Office for a random drug screen. Mr. Duncan stated he would be at the office within one hour. Mr. Duncan called about two hours later and stated he had gotten sick and thrown up all over his truck and self. Officer Nease asked Mr. Duncan if he was sick or just nervous and he stated he didn't know. Officer Nease told Mr. Duncan to go home and get cleaned up and then call back. Mr. Duncan sent officer Nease a text message later in the day stating he had made it home and asked if he could report the following morning for a drug test. Officer Nease instructed Mr. Duncan to report to the United States Probation Office the next day by 9:00 am.

On October 24, 2024, Mr. Duncan reported to the probation office as instructed. He passed a drug screen for all illicit substances. He was referred to his MAT prescriber to have them assess him for his mental health needs and as instructed to follow all recommendations from that provider. A Report on Offender Under Supervision was submitted to Your Honor asking for no changes while the probation officer continued to monitor Mr. Duncan in his outpatient services.

On February 12, 2025, Mr. Duncan contacted the probation officer stating he was sick and was asking to be excused from his drug screen. Mr. Duncan was given permission to miss his drug screen on this date.

On May 13, 2025, Mr. Duncan missed a drug screen as he texted this officer at 4:49 p.m. stating he showed up to the drug screening vendor and they were closed for the day. He stated he just got busy at work and let the time get away as it was all his fault for missing the drug screen as instructed by the Code-A-Phone.

Case 2:19-cr-00167-DCLC-CRW     Document 425     Filed 01/21/26     Page 3 of 6
PageID #: 2722

On Friday, June 6, 2025, at 12:30 a.m., Mr. Duncan reached out to officer Higgins stating he had to work and wanted to know if he could miss the drug screen on this date. Mr. Duncan was instructed that morning his drug screen would not be waived, and he was expected to report for the drug screen. Mr. Duncan reported for his drug screen and tested presumptive positive for methamphetamine. Mr. Duncan admitted to using methamphetamine on June 3, 2025. Mr. Duncan was referred for inpatient alcohol and drug treatment. Mr. Duncan was initially told he would get a bed date at CCS the first week of July 2025. A Report on Offender Under Supervision was submitted to Your Honor asking for no changes while the probation officer monitored his participation in inpatient treatment.

On June 17, 2025, Mr. Duncan reached out to the probation office and stated CCS told him he "*would not qualify for inpatient because he was not smoking every day and he would come in clean*". His text even stated, "*that's her words not mine.*" Due to this Mr. Duncan was instructed to seek treatment through Turning Point for Magnolia Ridge in Johnson City, Tennessee.

On June 24, 2025, Mr. Duncan texted this officer stating that it was highly doubtful he was going to pass his drug screen as he used a week or so ago and it was still showing up on an at home drug screen. He texted he was using heavy when he failed his last screen on June 6, 2025, and he thought that was why it may still be in his system. Mr. Duncan reported for his drug screen and the screen was negative for all substances. At this time Mr. Duncan was still trying to get a bed date with CCS and was told they had run out of grant money but should get some any day. He stated he was now being totally honest with CCS about his drug consumption, so they are willing to give him a bed when one becomes available. A Report on Offender Under Supervision was submitted to Your Honor asking for no changes while the probation officer continues to monitor Mr. Duncan for his acceptance into inpatient treatment.

On August 13, 2025, Mr. Duncan reported for a drug screen as instructed by the Code-A-Phone and tested presumptive positive for methamphetamine. He admitted using one week prior. A Report on Offender Under Supervision was written to Your Honor. The report outlined that Mr. Duncan had been in the process since June 2025 to get an inpatient bed date at CCS in Kingsport, Tennessee. Mr. Duncan was told several bed dates, but they were changed by the provider or in one instance he was told he no longer needed inpatient drug treatment, as referenced above. Mr. Duncan was given information about Magnolia Ridge in Johnson City, Tennessee and other outpatient services, but he has not utilized any of the other recommendations. Mr. Duncan presented at CCS early in the week of August 18, 2025, but did not have a 30-day supply of his Buprenorphine and his prescriber was closed. He was given a few days to fix the issue and told he could come back on Thursday, August 21, 2025. He was contacted on August 20, 2025, and told they no longer had a bed for him and gave him a new bed date of September 9, 2025. Mr. Duncan was able to report to CCS and complete inpatient treatment as instructed. Mr. Duncan was referred to outpatient services upon his release from CCS but Mr. Duncan failed to attend any further outpatient treatment.

On January 15, 2026, Mr. Duncan reported for a drug screen and tested presumptive positive for methamphetamine, amphetamine, and marijuana. Mr. Duncan denied drug use at the drug screen vendor, so his specimen was submitted to Abbott Toxicology for confirmation testing. Later on this date, Mr. Duncan contacted the probation officer via text message and stated:

> *I do remember the more I think about it on news years I did hit something I forgot all about it I was drinking and its 100 my fault. I jus forgot all about it. I'm sorry I'm just in shock and don't know what to think or say or do. I was at new years eve thing and that's when I don't it for sure. I had just forgot about it. So yeah, I relapsed.*

The probation officer instructed Mr. Duncan on January 15, 2026, to begin looking for another inpatient or sober living program. He texted the probation officer on January 16, 2026, stating he did not think his current residence was inappropriate and he just "slipped". He then stated he was in a new relationship with an individual who has children and she was asking him to move in with her. He did not think he needed to move into a sober living environment at this time. He is also not involved in any structured outpatient program.

**Assessment of Flight/Danger and Bond Recommendation:** The probation officer assesses Mr. Duncan to be a risk to the community. Mr. Duncan appears to minimize his drug use and is not always forthcoming when in active use. Mr. Duncan has admitted to suffering from mental health issues as well but has failed to seek outpatient services to address any of his needs. When inpatient treatment or sober living was discussed with Mr. Duncan regarding the most recent failed drug screen he was not interested in these services. There appears to be no condition, nor set of conditions, which may mitigate these risks. This officer respectfully recommends Mr. Duncan be detained pending a revocation hearing.

**Petitioning the Court to order:**

That a Warrant be issued and the defendant be ordered to appear in Court for a hearing to determine whether the term of supervision should be revoked.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 21, 2026

Respectfully submitted,

*For* Pam Higgins
United States Probation Officer
Greeneville Division

Case 2:19-cr-00167-DCLC-CRW     Document 425     Filed 01/21/26     Page 5 of 6
PageID #: 2724

APPROVED:

Rodney A. McLain
Supervising United States Probation Officer

PH:lel

## ORDER OF COURT:

A Warrant is to be issued, and the defendant is ordered to appear in Court for a hearing to determine whether the term of supervision should be revoked. This petition is to be placed under seal until the defendant is arrested or appears in Court.

So Ordered.

**ENTER.**

The Honorable Clifton L. Corker
United States District Judge